UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bruce Arnoff, | ) | CASE NO. 1:22 CV 707 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| Lorain County Jail, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Bruce Arnoff, an inmate presently incarcerated at Richland Correctional Institution, filed this *in forma pauperis* complaint against the Lorain County Jail and Lorain County Sheriff Phil Stammitti asserting a Fourteenth Amendment Due Process claim under 42 U.S.C. § 1983 and a state law claim for negligence. (Doc. No. 1). Plaintiff alleges that while incarcerated at the Lorain County Jail, he slipped and fell in the shower and sustained injuries for which he received inadequate medical care. He also appears to allege that the injury he sustained a ruptured eardrum  caused him to make an unintelligent plea, which resulted in his wrongful conviction.

For the following reasons, this case is dismissed pursuant to 28 U.S.C. §1915(e).

**BACKGROUND**

In October 2020, Plaintiff filed an action against the Lorain County Jail in which he asserted an Eighth Amendment claim under 42 U.S.C. § 1983 and a state law claim for

negligence and dereliction of duty.[1] *See Arnoff v. Lorain Cty. Jail*, No. 1:20 CV 2668, 2021 U.S. Dist. LEXIS 60410 (N.D. Ohio Mar. 30, 2021). In that action, Plaintiff alleged that he slipped and fell in the jail's slippery shower and sustained injuries for which he received inadequate medical care. On March 30, 2021, the Court granted Defendant's motion for judgment on the pleadings under Federal Civil Procedure Rule 12(c) concerning Plaintiff's federal claims and remanded his state law claims to the state court. *Id.* The Court found that the Lorain County Jail is not a legal entity capable of being sued, and to the extent his claims can be construed against Lorain County, Plaintiff failed to allege facts suggesting any county lawmakers or officials were aware of the allegedly hazardous condition or had a policy or custom that led to Plaintiff's injuries. *Id.* at * 4-6.

On May 2, 2022, Plaintiff filed this complaint against the Lorain County Jail and the Lorain County Sheriff. Plaintiff indicates that this case is a refiling of previously- dismissed and remanded Case No. 1:20 CV 2668. In fact, he labels this present complaint as a "Second Amended Complaint refiling" and includes the prior case number on various documents. (*See* Doc. Nos. 1 and 1-1).

In the complaint presently before the Court, Plaintiff indicates that he was a pretrial detainee in the Lorain County Jail when he slipped in the shower. He alleges that the shower drains excrete black mold and leeches when in use and this condition had existed for many years. According to Plaintiff, this makes the showers slippery. He also alleges that there are no hand rails or anti-skid mats on the floor to prevent slips and falls.

---

[1] Plaintiff filed the action in the Lorain County Court of Common Pleas on October 27, 2020, and on November 30, 2020, Defendant removed the action to the Northern District of Ohio. *See Arnoff v. Lorain County Jail*, Case No. 1:20CV2668 (Doc. No. 1).

Plaintiff contends that when he fell, he hit his head on the floor, which ruptured his eardrum, and he dislocated two fingers on his right hand. He states that a nurse examined him at the medical office for dislocated fingers and a head injury, which included ringing in the ears. Plaintiff claims that the nurse wrapped his fingers, gave him aspirin, and told him his eardrum "will clear up in a few weeks." (Doc. No. 1 at 2). Plaintiff alleges that despite his continued complaining of ringing in the ears, he was not examined by a doctor until he was at his "home prison" for six months. (*Id.*). According to the complaint, Plaintiff was ultimately examined by an audiologist who advised Plaintiff that he had a ruptured eardrum that was permanently damaged.

Plaintiff alleges that jail personnel were aware of the dangerous shower condition and their failure to correct the condition constitutes negligence and deliberate indifference. Plaintiff also asserts that he was "wrongfully convicted" after "making an unintelligent plea" because he could not hear during the court proceedings. Plaintiff asks this Court to award $10,000,000.00 in damages.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972. The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact

when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed. Plaintiff's present action is duplicative of his prior action and is, therefore, barred by res judicata. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the

prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

Here, both requirements are met. This is Plaintiff's second case filed in this Court asserting the same claims against the Lorain County Jail pertaining to the same incident. He is, therefore, barred by the doctrine of res judicata from litigating this action again.

Even if Plaintiff's claims are not barred by res judicata, his complaint would still be subject to dismissal under § 1915(e) for the same reasons as the prior action. The Lorain County Jail is not sui juris, meaning it is not capable of suing or being sued for purposes of § 1983. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Brooks v. Lorain Cty. Jail*, No. 1:20 CV 2384, 2021 U.S. Dist. LEXIS 13864, 2021 WL 252534, at *2 (N.D. Ohio Jan. 26, 2021)(listing cases). The jail is merely a subunit of Lorain County and lacks a separate legal existence. Plaintiff's claims against the jail, therefore, fail as a matter of law.

Even if the Court liberally construes Plaintiff's complaint against the county, Plaintiff's

claim still fails. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978). Rather, county liability is limited to situations in which the deprivation of constitutional rights results from an official policy or custom of the county. *Id. Monell* and its progeny require that (1) a municipality be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," *Monell*, 436 U.S. at 694, and (2) there be an "affirmative link between the policy and the particular constitutional violation alleged," *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). *See Petty v. Cty. of Franklin*, 478 F.3d 341, 347 (6th Cir.2007).

Therefore, counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) (quoting *Monell*, 436 U.S. at 690.) And, the United States Court of Appeals for the Sixth Circuit has held that a plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)).

Here, Plaintiff does not allege facts suggesting the county can be held liable. Although he indicates the slippery condition of the shower has existed for many years, there is no suggestion that the county lawmakers or officials were aware of this situation or had a policy or custom that led to Plaintiff's injuries. He, therefore, fails to state a plausible claim against the county.

To the extent Plaintiff claims that Sheriff Stammitti is personally liable for his injuries, Plaintiff fails to allege any facts suggesting the sheriff caused his injuries. Plaintiff cannot establish the liability of any individual defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). "Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Here, Plaintiff does not set forth allegations specifically connecting Sheriff Stammitti to

the unconstitutional conditions or misconduct he alleges. Rather, Plaintiff's complaint consists of a conclusory statement that the sheriff "failed to fix the problem." (*See* Doc. No. 1 at 2). Plaintiff, therefore, fails to state a plausible civil rights claim against Sheriff Stammitti upon which relief may be granted.

Finally, to the extent Plaintiff claims he has been wrongfully convicted and he seeks to collaterally attack his conviction in this civil rights action, his claim is barred. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A prisoner may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87.

Here, Plaintiff's claims against the defendants concerning his unintelligent plea necessarily imply the invalidity of his conviction in his criminal case. And there is no suggestion in his complaint that his conviction has been set aside or that his sentence has been invalidated in any of the ways articulated in *Heck*. Plaintiff's purported wrongful conviction claim is, therefore, barred by *Heck* and is dismissed.

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion to compel (Doc. No. 3) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 5/26/22